UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARILYN SMITH, individually and <br> as Special Administrator for <br> ESTATE OF GARY E. SMITH <br> 1856 21st Avenue <br> Kenosha, WI 53140 <br><br> *Plaintiffs,* <br><br> and <br><br> SYLVIA MATHEWS BURWELL, <br> SECRETARY OF DEPARTMENT OF <br> HEALTH & HUMAN SERVICES <br> c/o Gregory J. Haanstad, United States <br> Attorney for the Eastern District of Wisconsin <br> 517 East Wisconsin Avenue <br> Milwaukee, WI 53202 <br><br> WISCONSIN DEPT. OF HEALTH <br> SERVICES <br> c/o Sect. Kitty Rhoades, <br> 1 West Wilson Street <br> Madison, WI 53703 <br><br> *Involuntary Plaintiffs,* <br><br> vs. <br><br> UNITED STATES OF AMERICA <br> c/o Gregory J. Haanstad, United States <br> Attorney for the Eastern District of Wisconsin <br> 517 E. Wisconsin Ave, Ste 530 <br> Milwaukee WI 53202 <br><br> UNITED STATES DEPARTMENT OF <br> VETERANS AFFAIRS <br> c/o Gregory J. Haanstad, United States <br> Attorney for the Eastern District of Wisconsin <br> 517 E. Wisconsin Ave, Ste 530 <br> Milwaukee WI 53202 <br><br> *Defendants*. | **Case No. 2:16-cv-1544** <br><br> **COMPLAINT FOR DAMAGES** |

COMES NOW, Plaintiffs MARILYN SMITH, individual and as special administrator for ESTATE OF GARY E. SMITH, by and through counsel, Martin Law Office, S.C., and brings this Complaint to set forth claims that Plaintiffs assert in this litigation against Defendants, UNITED STATES OF AMERICA AND UNITED STATES DEPARTMENT OF VETERANS AFFAIRS.

Plaintiffs allege as follows:

1. This is a claim for negligence and wrongful death arising out of the injuries and death of Gary E. Smith and is brought against Defendants, United States of America and the United States Department of Veterans Affairs, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

2. Plaintiffs, Marilyn Smith and Estate of Gary E. Smith, presented their claims to the United States Department of Veterans Affairs and said department has failed to finally deny or make a final disposition of said claims within six months after filing of the same.

**PARTIES**

3. That at the present time, the plaintiff, Marilyn Smith, is an adult citizen and resident of the State of Wisconsin, Kenosha County, residing at 1856 21st Avenue, Kenosha, WI 53140; that at all times material hereto, Marilyn Smith was the spouse of Gary E. Smith; that on January 4, 2016, Marilyn Smith was appointed the special administrator for the Estate of Gary E. Smith.

4. That at all times material hereto, Gary E. Smith was an adult citizen and resident of the State of Wisconsin, Kenosha County, residing at 1856 21st Avenue, Kenosha, WI 53140; that at all times material hereto, Gary E. Smith was the spouse of Marilyn Smith; that at all times material hereto, Gary E. Smith was a veteran of the United States Armed Forces, having served

2

in the United States Navy during the Vietnam War; that Gary E. Smith died on November 12, 2015; that the Estate of Gary E. Smith was opened with the State of Wisconsin Circuit Court in Kenosha County on January 4, 2016.

5. That at the present time, the involuntary plaintiff, Sylvia Mathews Burwell, Secretary of the United States Department of Health and Human Services, has oversight responsibility for the Health Care Financing Administration, the agency responsible for administering the federal Medicare program; that upon information and belief, Medicare paid claims on behalf of the plaintiff, Estate of Gary E. Smith, for medical care and services rendered as a result of the injuries he sustained as hereinafter set forth; that pursuant to 42 U.S.C § 1395y(b)(2), Medicare is entitled to reimbursement for related paid claims if the plaintiff, Estate of Gary E. Smith, recovers through settlement or judgment, as determined by 42 C.F.R. sec. 411.37.

6. That at the present time, the involuntary plaintiff, Wisconsin Department of Health Services, is a statutorily created health insurance provider, with offices of Sect. Dennis Smith, located at 1 West Wilson St., Madison, Wisconsin 53703; that Wisconsin Department of Health Services has paid health claims on behalf of the plaintiff, Estate of Gary E. Smith, for medical care and services rendered as a result of the injuries he sustained as hereinafter set forth; that by reason of any such payments, Wisconsin Department of Health Services is a proper party.

7. At all times material hereto, the negligent acts and omissions alleged herein were committed by persons who were employees, agents and / or servants of and acting within the scope of their employment with Defendants, United States of America and/or United States Department of Veterans Affairs, at Clement Zablocki VA Medical Center in Milwaukee, Wisconsin, a hospital owned and operated by Defendants, United States of America and/or

United States Department of Veterans Affairs; as such, Defendants, United States of America and United States Department of Veterans Affairs, are appropriate defendants pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346(b).

## JURISDICTION AND VENUE

8. The negligence and wrongful death claims asserted herein are brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and this court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1346(b).

9. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1402(b) as the acts and omissions that are the subject matter of this complaint occurred within the Eastern District of Wisconsin in Milwaukee County and Plaintiffs reside within the Eastern District of Wisconsin in Kenosha County.

## FACTUAL ALLEGATIONS

10. Prior to September 19, 2014, Gary E. Smith lived at his residence in Kenosha, Wisconsin with his wife, Marilyn Smith. Mr. and Mrs. Smith lived independently.

11. Gary E. Smith was admitted to the Clement Zablocki VA Medical Center in Milwaukee, Wisconsin, on September 19, 2014 with diagnoses of major depressive disorder and mental status changes. Mr. Smith's past medical history included congestive heart failure, myasthenia gravis, hypothyroidism and hypertension. Due to his altered mental status and physical deterioration, the staff at Clement Zablocki VA Medical Center knew or should have known that Mr. Smith was at high risk for falls.

12. During his admission, Mr. Smith fell four times on October 7, 2014 at 11:55 p.m., October 15, 2014 at 12:40 p.m., October 21, 2014 at 11:05 p.m., and October 22, 2014 at 9:45 a.m. The registered nurses assigned to Mr. Smith at the time of the falls were as follows: Jamie

4

Polcyn (October 7, 2014), Tina Schingeck (October 15, 2014 and October 21, 2014), and Regina Smith (October 22, 2014). Said registered nurses were acting within the scope of their employment for the United States of America and/or the United States Department of Veterans Affairs at the time of each fall.

13. On October 22, 2014 at approximately 9:45 a.m., Mr. Smith was ambulating to the bathroom with Nurse Regina Smith or an aide who was assisting Nurse Regina Smith when he fell backwards and hit his head. An initial CT scan of his head was negative. Shortly thereafter, Mr. Smith developed labored breathing and decreased blood oxygen levels. A repeat CT scan revealed a large right cerebral subdural hematoma. Mr. Smith was taken to the operating room for a craniotomy and hematoma evacuation.

14. As a result of the October 22, 2014 fall, Mr. Smith developed a traumatic brain injury, which in turn caused severe physical and mental deterioration. In addition to operative treatment, the necessary medical treatment for Mr. Smith's traumatic brain injury included, but is not limited to, physical therapy, occupational therapy, speech therapy, respiratory therapy, physical medicine and rehabilitation consultation, neurosurgical consultation, neurology consultation, pulmonology consultation, naso-gastric tube placement, Percutaneous Endoscopic Gastrostomy tube placement, tube feedings, total parental nutrition, intubation and mechanical ventilation for respiratory failure, BiPAP for respiratory failure, antibiotics for aspiration pneumonia, dietary supplements for malnutrition and electrolyte imbalances, narcotic pain medications for severe pain, wound care for sacral pressure ulcers, and rectal tube placement for severe diarrhea.

15. Mr. Smith remained at Clement Zablocki VA Medical Center for treatment of his traumatic brain injury and complications associated therewith until September 23, 2015. At that

time, Mr. Smith was transferred to Clairidge House nursing home in Kenosha, Wisconsin for long term skilled nursing care and therapy. Mr. Smith was not able to have the piece of his skull that was removed during the craniotomy replaced and, as such, spent the remainder of his life with an indentation in his head and needing to wear a helmet to protect his brain.

16. While at Clairidge House, Mr. Smith continued to receive therapy for immobility, tube feedings, and BiPAP ventilation. During this time, Mr. Smith required admissions to Kenosha Medical Center for complications of his immobility.

17. Mr. Smith died on November 12, 2015. As provided on his death certificate, Mr. Smith's death was due to "complications of immobility" secondary to "subdural hematoma" secondary to "fall".

## COURT I: NEGLIGENCE

18. Realleges and incorporates herein all allegations of the preceding paragraphs.

19. Defendants, United States of America and Untied States Department of Veterans Affairs, through its agents, employees and/or servants, had a duty to provide care to Gary E. Smith, at all times material hereto, including from September 19, 2014 to September 23, 2015, which duty required Defendants, United States of America and Untied States Department of Veterans Affairs, through its agents, employees and/or servants, to use that degree of care, skill and judgment usually exercised by reasonable hospitals, its agents, employees and/or servants, in the same or similar circumstances.

20. Defendants, United States of America and Untied States Department of Veterans Affairs, through its agents, employees and/or servants, were negligent in its care and treatment of Gary Smith at all times material hereto, including, but not limited to, on October 7, 2014, October 15, 2014, October 21, 2014 and October 22, 2014 in that it failed to possess/exercise

6

that degree of care, skill and judgment usually exercised by a reasonable hospital, its agent, servants and employees, in that it, amongst other things, negligently failed to assess, diagnose, plan, implement interventions and evaluate said interventions relative to Mr. Smith's fall precautions; negligently failed to establish a proper care plan for Mr. Smith's fall precautions; negligently failed to provide a safe environment for Mr. Smith; negligently failed to safely assist Mr. Smith with ambulation; and was otherwise negligent.

21. The negligence of the Defendants, United States of America and Untied States Department of Veterans Affairs, as alleged herein was a cause of the injuries sustained by and death of Gary E. Smith, including past pain, suffering, disability, disfigurement, emotional distress, mental anguish and loss of enjoyment of life; past medical expenses; funeral and burial expenses; and other compensable injuries and damages to be determined at the trial of this matter.

## COURT II: NEGLIGENT HIRING, TRAINING AND SUPERVISION

22. Realleges and incorporates herein all allegations of the preceding paragraphs.

23. Defendants, United States of America and Untied States Department of Veterans Affairs, its agents, servants and/or employees, were negligent in hiring, training and/or supervising its employees in that the Defendants, United States of America and Untied States Department of Veterans Affairs, its agents, servants and/or employees, amongst other things, negligently failed to hire, train and/or supervise its employees relative to assessing, diagnosing, planning, implementing interventions and evaluating said interventions relative to Mr. Smith's fall precautions; failing to establish a proper care plan for Mr. Smith's fall precautions; failing to provide a safe environment for Mr. Smith; failing to safely assist Mr. Smith with ambulation; and was otherwise negligent.

24. That the negligent hiring, training and/or supervision by the Defendants, United States of America and Untied States Department of Veterans Affairs, its agents, servants and/or employees, as alleged, was a direct and proximate cause of the causal negligence as alleged in Pars. 20 & 21, *supra*.

25. The negligent hiring, training and/or supervision of the Defendants, United States of America and Untied States Department of Veterans Affairs, as alleged herein was a cause of the injuries sustained by and death of Gary E. Smith, including past pain, suffering, disability, disfigurement, emotional distress, mental anguish and loss of enjoyment of life; past medical expenses; funeral and burial expenses; and other compensable injuries and damages to be determined at the trial of this matter.

## COUNT III: WRONGFUL DEATH

26. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

27. As a result of the negligence of the Defendants, United States of America and Untied States Department of Veterans Affairs, as alleged herein, and the injuries, damages and death of Gary E. Smith, the plaintiff, Marilyn Smith, suffered injuries and damages including the loss of her husband's society, companionship and consortium prior to his death; the loss of her husband's society, companionship and consortium due to his death; emotional distress in witnessing the injuries suffered by her husband; pecuniary loss; and other compensable injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Marilyn Smith and Estate of Gary E. Smith, demand judgment against Defendants, United States of America and Untied States Department of Veterans Affairs, and each of them, individually, jointly and severally, and request:

1. Awarding compensatory damages;

2. Awarding pre-judgment and post-judgment interest to Plaintiffs;

3. Awarding all statutory damages and relief;

4. Awarding the costs and the expenses of this litigation to Plaintiffs;

5. Awarding reasonable attorneys' fees and costs to Plaintiffs as provided by law;

6. Dismissing any and all subrogation claims; and,

7. Granting all such other relief as the Court deems necessary, just and proper.

## DEMAND FOR TRIAL

Plaintiffs, Marilyn Smith and Estate of Gary E. Smith, demand a trial of all claims in this Complaint so triable.

Dated: 11/18/2016         /s/ Kevin R. Martin
                 Kevin R. Martin
                 Attorney Bar No. 1045748
                 MARTIN LAW OFFICE, S.C.
                 Attorneys for Plaintiffs
                 7280 S. 13th St., Ste. 102
                 Oak Creek, WI 53154
                 Telephone: (414) 856-2310
                 Fax: (414) 856-2315
                 Email: kevin@martin-law-office.com