UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | May 4, 2017 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2016-cv-1544 |
| CASE NAME: | Marilyn Smith, *et al.* v. United States of America, *et al.* |
| NATURE OF HEARING: | Rule 16 Scheduling Conference |
| | Oral Ruling on the Motion to Dismiss |
| APPEARANCES: | Kevin Martin – Attorney for the plaintiffs |
| | Charles Guadagnino – Attorney for the defendants |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 3:00 p.m. – 3:46 p.m. |

The court noted that the parties had filed a joint Rule 26(f) plan, which the court had reviewed. The court stated, however, that the court first would address the partial motion to dismiss, dkt. no. 7, which the parties had fully briefed.

The motion asked the court to dismiss the Department of Veterans Affairs as a defendant, because the United States was the only proper defendant in an action under the Federal Tort Claims Act. The plaintiff had agreed, so the court granted that portion of the motion, and dismissed the Department of Veterans Affairs as a defendant.

The motion also asked the court to dismiss Count Two of the complaint (negligent hiring, training and supervising claim). The defendant argued that the plaintiffs had failed to exhaust their remedies on this claim, by failing to present the claim to the Department of Veterans Affairs. The plaintiffs had responded that they *had* presented the claim; they pointed to language in the supplemental documents they had filed in support of the estate plaintiff's Form 95.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all permissible inferences in her favor. Fortres Grand Corp. v. Warner Bros. Entm't Inc., 763 F.3d 696, 700 (7th Cir. 2014) (citation omitted). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). While the court must draw all reasonable inferences and facts in favor of the nonmovant,

1

it "need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir.2013) (quotation and citation omitted).

Under the FTCA, the United States is responsible for the tortious conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." See 28 U.S.C. § 2674. The FTCA requires the exhaustion of administrative remedies prior to suing the federal government in tort. See 28 U.S.C. § 2675(a); see also Frey v. EPA, 270 F.3d 1129, 1135 (7th Cir. 2001); Kanar v. United States, 118 F.3d 527, 528 (7th Cir. 1997). A claim is exhausted at the administrative level when the "pertinent facts" of the claim have been pled, giving the administrative agency "sufficient notice" to investigate the claim, and the agency either denies the claim in writing or fails to make a final disposition within six months after its filing. 28 U.S.C. § 2675(a). The exhaustion requirement exists because Congress wanted agencies to have an opportunity to settle disputes before defending against litigation in court. See McNeil v. United States, 508 U.S. 106, 112 & n. 7, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993).

The term "claim" is not defined in the statute, but the corresponding regulation states that a proper administrative claim under the FTCA contains four elements: (1) notification of the incident; (2) a demand for money damages in a sum certain; (3) the title or legal capacity of the person signing; and (4) evidence of the person's authority to represent the claimant. 28 C.F.R. § 14.2(a); see also Kanar v. United States, 118 F.3d 527, 528 (7th Cir.1997). The Seventh Circuit does not require plaintiffs to comply with "every jot and tittle of the regulation," as long as the proper agency had the opportunity to settle the claim for money damages before the point of suit. Smoke Shop, LLC v. U.S., 761 F.3d 779, 787 (7th Cir. 2014). As Judge Flaum explained, "[T]he underlying purpose of our approach to § 2675(a)'s requirement—like the courts that eschew the regulation—is to ensure that the claimant does not hinder the settlement process that a claim is supposed to initiate." Id.

Under Wisconsin law, negligent hiring, supervision or retention is a different and distinct claim from a claim of general negligence. Scholz v. United States, Case No. 16-cv-1052-WED, 2017 WL 37561 at *3 (E.D. Wis. January 25, 2017), citing Hansen v. Texas Roadhouse, Inc., 345 Wis.2d 669, 686 (Wis. 2013)).

The court compared the language of Count Two of the complaint with the supplement to Form 95 filed by the estate defendant. The supplement to the Estate's Form 95 (incorporated by reference into Smith's form) included the following language:

> The claimant, Gary Smith, was a patient of clement Zablocki VA Medical Center at all times material hereto, including from September 19, 2014 to September 23, 2015, Clement Zablocki Medical Center, its agents, servants and employees, had a duty to provide care to the claimant, Gary Smith, at all times material hereto, including from September 19, 2014 to September 23, 2015, which duty required Clement Zablocki VA Medical Center to use the degree of care, skill and judgment usually exercised by reasonable hospitals in the same or similar circumstances.
>
> Clement Zablocki VA Medical Center was negligent in its care and treatment of Gary Smith at all times material hereto, including, but not limited to, October 7, 2014, October 15, 2014, October 21, 2014 and October 22, 2014 in that it failed to possess/exercise that degree of care, skill and judgment usually exercised by a reasonable hospital, its agent, servants and employees, in that it, amongst other things, negligently failed to assess, diagnose, plan, implement interventions and evaluate said interventions relative to Mr. Smith's fall precautions; negligently failed to establish a proper care plan for Mr. Smith's fall precautions; negligently failed to provide a safe environment for Mr. Smith; negligently failed to safely assist Mr. Smith with ambulation; and was otherwise negligent.

In contrast, the language of Count Two of the federal complaint alleged that the defendants were "negligent in hiring, training and/or supervising its employees in that the Defendants . . . negligently failed to hire, train and/or supervise its employees relative to" various acts. Dkt. No. 1 at 7, ¶23.

The court concluded that the supplements to the Form 95 provided the Department of Veterans' Affairs with adequate notice of their negligence claim regarding the care and treatment of Gary Smith, as well as notice of their wrongful death claim. The court found, however, that nothing the supplements—particularly, nothing in the two paragraphs quoted above—gave the defendant notice that the plaintiffs planned to pursue a separate claim that the defendant was negligent in hiring, training or supervising under Wisconsin law.

Because plaintiffs failed to exhaust their remedies with respect to the negligent hiring, training and supervising claim raised in Count Two, the court granted the motion to dismiss Count Two for failure to state a claim.

The court then addressed scheduling with regard to the remaining claims. The court told the parties that if they decided at any point that they would like to utilize a magistrate judge to facilitate mediation, they should

notify the court by filing a joint motion or by contacting chambers with all parties on the line. The court further encouraged the parties to contact chambers by telephone (with all parties on the line) if they encountered a discovery dispute that did not require them to brief a legal issue. The court told the parties that it would be happy to conduct a telephone hearing at its earliest convenience to assist the parties in resolving that dispute. The court also advised the parties that they could go to the court's website – www.wied.uscourts.gov – to look at its tips and suggestions for practicing in this court. Finally, the court informed the parties that while it was willing to sign agreed protective orders, it would not sign such orders if the orders contained provisions requiring the court to place certain documents under seal, and would hold hearings on any motions to seal that stated, as cause, only that the document to be sealed was covered by a protective order.

Accordingly, the court **ORDERS** the following:

The parties shall make their non-expert discovery disclosures by October 13, 2017.

The plaintiffs shall disclose the identities of their expert witnesses, along with their reports and supporting documentation, no later than December 22, 2017.

The defendant shall disclose the identities of its expert witnesses, along with their reports and supporting documentation no later than January 26, 2018.

The parties shall complete all expert witness discovery no later than April 20, 2018.

The court **ORDERS** that the parties will appear for a final pretrial conference on June 27, 2018 at 9:30 a.m. in Room 225.

The court **ORDERS** that the trial, which the parties estimate will take five to seven days, is scheduled for July 16, 2018 at 9:00 a.m.

The court **GRANTS** the defendants' motion to dismiss the Department of Veterans' Affairs as a defendant, and **DISMISSES** the Department of Veterans'

Affairs. Dkt. No. 7.

The court **GRANTS** the defendant's motion to dismiss Count Two of the complaint for failure to state a claim. Dkt. No. 7.

Dated in Milwaukee, Wisconsin this 9th day of May, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge